**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>RYAN CLIFFORD THORSEN,<br><br>            Defendant. | Case No.  2:13-cr-00030-JAD-GWF<br><br>**FINDINGS &<br>RECOMMENDATIONS**<br><br>**Re:  Motion to Dismiss (ECF No. 84)** |

This matter is before the Court on Defendant Ryan Clifford Thorsen's Motion to Dismiss (ECF No. 84), filed on June 14, 2016.  The Government filed its Response (ECF No. 91) on July 20, 2016 and Defendant filed his Reply (ECF No. 92) on July 26, 2016.  The Court conducted a hearing in this matter on August 8, 2016.

## BACKGROUND

Defendant Thorsen is charged in an indictment with one count of mailing a threatening communication in violation of 18 U.S.C. § 876(c) filed on January 22, 2013.  (ECF No. 1).  The indictment states that the grand jury charged Defendant with knowingly and willfully causing to be delivered a communication addressed to a Clark County District Court Judge, K.H., at the Regional Justice Center, 200 East Lewis Avenue, Las Vegas, Nevada 89101, containing a threat to kidnap and injure.  *See Motion to Dismiss, (ECF No. 84), Exhibit 1*.  The Clark County District Court Judge previously sentenced Defendant to 24 to 60 months of imprisonment.  *See Opposition, (ECF No. 91), Exhibit 1*.  At the time that the letter was mailed on October 2, 2012, Defendant was incarcerated at the Nevada State Prison in Ely.  *Motion to Dismiss, (ECF No. 84), pg. 2*.

Defendant argues that the indictment should be dismissed because the Government

cannot meet its burden to prove that Defendant had the requisite intent to threaten and because the speech contained in the letter is entitled to First Amendment protection. *Motion to Dismiss (ECF No. 84, pg. 4-8.* Defendant argues that because he was incarcerated at the time that the letter was sent, "the letter could not be perceived as a true threat. . ." *Id.* at pg. 5. The Government argues that Defendant's Motion to Dismiss should be denied because whether Defendant had the requisite intent to threaten is an issue of fact to be determined by the fact-finder and because the statements contained in the letter are considered true threats that are not entitled to First Amendment protections. *Opposition, (ECF No. 91), pg. 4-7.*

## DISCUSSION

Rule 12 of the Federal Rules of Criminal Procedure governs pleadings and pretrial motions. A criminal defendant may move to dismiss the indictment at any time prior to trial. In determining a motion to dismiss under Rule 12, the "court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The court must also accept the facts alleged in the indictment as true. *Id.* The indictment itself should be read as a whole, construed according to common sense, and interpreted to include facts which are necessarily implied. *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007). The court may not invade the province of the jury and decide by pretrial motion matters "of the general issue." *United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1452 (9th Cir. 1986). When deciding a pretrial motion brought under Rule 12, the court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings. *See, e.g. United States v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004). "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence" *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996).

A violation of 18 U.S.C. § 876(c) has two elements: (1) the defendant's letter contained a threat to kidnap or injure, and (2) the defendant knowingly caused the letter to be deposited in the mail. *United States v. De La Fuente*, 353 F.3d 766, 770 (9th Cir. 2003). This statute must be interpreted with the commands of the First Amendment clearly in mind. *United States v. Keyser*, 704 F.3d 631, 638 (9th Cir. 2012). Threats are generally not entitled to First Amendment

protection. *Id.* "Threats of violence are outside the First Amendment." *Virginia v. Black*, 538 U.S. 343, 359, 123 S. Ct. 1536, 1548 (2003). When determining whether a particular statement is considered to be a threat, courts apply an objective standard. *Keyser*, 704 F.3d at 638. Courts consider "whether a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault." *Id.* To be subject to criminal liability for a threat, the speaker must subjectively intend to threaten, however, it is not necessary that the speaker intend to follow through on the threat, commit an assault, or inflict actual physical harm. *Id.* The only intent requirement for a true threat is that the defendant intentionally or knowingly communicate the threat. *Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists*, 290 F.3d 1058, 1074 (9th Cir. 2002). Intimidation is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death. *Black*, 538 U.S. at 360. Alleged threats should be considered in light of their entire factual context, including the surrounding events, reaction of the listeners, and whether the words are conditional. *Planned Parenthood,* 290 F.3d at 1074; *United States v. Bagdasarian*, 652 F.3d 1113, 1125 (9th Cir. 2011)*.* It is a question for the jury to determine whether communications are outside the ambit of First Amendment protection. *United States v. Gilbert*, 813 F.2d 1523 (9th Cir. 1987).

     Defendant and the Government dispute whether the statements in Defendant's letter are considered true threats. Defendant argues that his statements are hyperbolic, but are not true threats because he does not use language such as, "I will..." to suggest an intention to fulfill the actions described in his letter. *Motion to Dismiss*, (ECF No. 84), pg. 7. In his letter, Defendant uses statements such as, "if I had my way..." or "I would..." *Id.* The Government argues that Defendant's intent or ability to fulfill his alleged threats is irrelevant in determining whether his statements are true threats because the Government need only prove that Defendant intended to communicate a threat. *Opposition*, (ECF No. 91), pg. 6. Although the conditional nature of a statement is a factor to be considered in determining whether it is a true threat, it is not dispositive. *United States v. Sutcliffe*, 505 F.3d 944, 961 (9th Cir. 2007). The potential defense that Defendant's statements were conditional and, therefore, do not constitute a true threat is a question

3

for the jury to determine.

Defendant argues that the Government can not prove that Defendant had the intent to issue a threat. *Motion to Dismiss*, (ECF No. 84), pg. 5. Defendant premises this argument on his contention that a reasonable person would not consider his statements to be true threats due to the fact that he was serving a "lengthy" term of incarceration at the time that the letter was mailed. *Id.* The Government argues that even though it does not disagree that Defendant was incarcerated at the time that the letter was mailed, his incarceration is irrelevant because the Government need not prove that Defendant intended to act on his alleged threats. *Opposition*, (ECF No. 91), pg. 5. The Government argues that Defendant's incarceration does not negate the possibility of violence or that a reasonable person in the position of the recipient of the letter would interpret the statements as expressions of intent to harm. *Id.* Thus, the Court finds that there is a dispute of the operative facts. Defendant's intent and whether his statements are entitled to First Amendment protection are questions for the jury that may be decided after the complete presentation of the evidence.

## **CONCLUSION**

Because threats are generally not entitled to First Amendment protection, it is up to the fact-finder to determine whether Defendant's statements were truly threats. Whether a statement qualifies as a true threat is a factual inquiry informed by the entire factual context. Whether Defendant's statements are considered true threats are questions of fact to be determined at trial after the complete presentation of evidence, and not upon a pretrial motion to dismiss the indictment.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Defendant Ryan Clifford Thorsen's Motion to Dismiss (ECF No. 84) be **denied**.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit

has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 17th day of August, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge